IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAARON SHEARS, | ) |
|        Plaintiff, | ) |
| | ) Civil Action No. 2:19-1628 |
| v. | ) |
| | ) Magistrate Judge Patricia L. Dodge |
| HEATHER CLEM-JOHNSTON and MICHAEL METROS, | ) |
|        Defendants. | ) |

**MEMORANDUM OPINION**[1]

Pending before the Court are Defendants' motions to dismiss. (ECF No. 42 and 46.) For the reasons that follow, their motions will be granted.

**I.    Relevant Background**

In 2012, Plaintiff Daaron Shears was convicted of the crimes of Rape, Sexual Assault, and Statutory Sexual Assault in the Court of Common Pleas of Fayette County at docket number CP-26-CR-1660-2011 ("Criminal Case No. 1660-2011").[2] The Common Pleas Court sentenced him to an aggregate term of ten to thirty years imprisonment. Plaintiff is serving that sentence in the custody of the Pennsylvania Department of Corrections. (*See* state court docket for Criminal Case No. 1660-2011 at pp. 2-5; *see also* Amend. Compl., ECF No. 14 at p. 1; ECF No. 63.)

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. Therefore, the undersigned has the authority to decide dispositive motions and enter final judgment.

[2] The Court takes judicial notice of the Common Pleas Court's dockets in Criminal Case No. 1660-2011 and in Plaintiff's criminal case at CP-26-CR-2179-2018 ("Criminal Case No. 2179-2018"), which is discussed below. These dockets are available to the public online at https://ujsportal.pacourts.us (last visited August 11, 2021.)

Plaintiff, who is proceeding *pro se*, commenced this civil rights action under 42 U.S.C. § 1983 by filing a motion for leave to proceed *in forma pauperis,* which the Court granted, and his original complaint (ECF No. 4). Soon thereafter, Plaintiff filed an Amended Complaint (ECF No. 14), dated March 3, 2020, which is his operative pleading.[3] Plaintiff names as defendants: (1) Corporal Heather Clem-Johnston, a supervisor with the investigation unit of the Fayette County State Police; and (2) Magisterial District Judge Michael Metros, a judge of Fayette County Magisterial District Court. (Amend. Compl., ECF No. 14 at pp. 1-2.)

According to the allegations in the Amended Complaint, Cpl. Clem-Johnston investigated the report of rape made by the victim in July 2011 in Criminal Case No. 1660-2011 ("Victim"). (*Id.*) Cpl. Clem-Johnston subsequently testified in the criminal trial in that case that when she began her shift on July 7, 2011, she "was advised that [she] needed to investigate a possible rape." (*Id.* at p. 2.) As discussed above, in 2012 Plaintiff was convicted of Rape, Sexual Assault, and Statutory Sexual Assault in Criminal Case No. 1660-2011 and is presently serving the term of imprisonment imposed in that case.[4]

Several years after he was convicted (in October 2016 and February 2017), Plaintiff wrote letters to the Victim in which he asserted his innocence and asked why "he [is] serving time for a crime he didn't commit[?]" (*Id.* at p. 2.) The Victim gave the letters to Cpl. Clem-Johnston. (*Id.*)

---

[3] Plaintiff filed a document entitled "Amended Complaint" at ECF No. 10 and ECF No. 14. The documents are the same in all relevant respects. Both documents also contain a signature date of March 3, 2020. Plaintiff's attachment to the Amended Complaint is docketed at ECF No. 11. It consists of Plaintiff's declaration (also dated March 3, 2020), the July 6, 2018 affidavit of probable cause filed by Cpl. Clem-Johnston (discussed below), and an excerpt of the trial testimony that Cpl. Clem-Johnston gave in Criminal Case No. 1660-2011.

[4] Plaintiff is challenging the validity of his convictions in Case No. 1660-2011 in a federal habeas case that is pending before this Court at *Shears v. District Attorney of Fayette County*, *et al.*, No. 2:19-cv-1389.

On July 6, 2018, Cpl. Clem-Johnston filed criminal charges against Plaintiff for contacting the Victim. (*Id.* at pp. 2-3; *see also* state court docket for Criminal Case No. 2179-2018 at p. 1.) Cpl. Clem-Johnston attached to the criminal complaint an affidavit of probable cause ("2018 Affidavit of Probable Cause") in which she averred that on *July 4, 2011* she investigated the allegations of rape made by the Victim. (*Id.*; *see also* ECF No. 11 at p. 2.) Plaintiff alleges that the 2018 Affidavit of Probable Cause was "tainted" by Cpl. Clem-Johnston's "false" statement, which contradicted her trial testimony that the rape was reported to the Fayette County Police on *July 7, 2011*. (*Id.* at pp. 3-4; *see also* ECF No. 11 at 1.)

Cpl. Clem-Johnston submitted the 2018 Affidavit of Probable Cause to Judge Metros, who accepted and signed it on July 6, 2018. (*Id.* at pp. 2-4; *see also* ECF No. 10 at p. 2.)[5] Plaintiff alleges that Judge Metros "failed to investigate the tainted" 2018 Affidavit of Probable Cause and with Cpl. Clem-Johnston "to injure [him] mentally, spiritually and emotionally with the fruitless police complaint." (*Id.* at 3.)

Plaintiff's claims against Cpl. Clem-Johnston pertain to her involvement in the investigation of the charges filed against him in Criminal Case No. 1660-2011 and the testimony she gave at his criminal trial in that case. Plaintiff claims that Cpl. Clem-Johnston violated his Fourth Amendment rights because she maliciously, intentionally, knowingly and recklessly "falsified," "fabricated" and "perjured" "her investigation in [his] Criminal Case No. 1660-2011" (*id.* at pp. 5-6), thereby "causing [him] to be wrongfully convicted" (ECF No. 11 at p. 1).

---

[5] Charges were filed against Plaintiff in Criminal Case No. 2179-2018 for contacting the Victim. On September 28, 2018 he pleaded guilty to one count of Criminal Use of Communication Facility and was sentenced to a term of two to four years imprisonment to be served consecutive to the term he is serving for his convictions in Criminal Case No. 1660-2011. (*See* state court docket for Criminal Case No. 2179-2018 at pp. 2-3.)

Plaintiff's claims against Judge Metros are premised upon his acceptance of the 2018 Affidavit of Probable Cause. He claims that Judge Metros violated his Fourteenth Amendment right to due process by maliciously, intentionally, knowingly and recklessly accepting the 2018 Affidavit of Probable Cause without sufficient investigation and for conspiring with Cpl. Clem-Johnston to violate his rights. (*Id.* at pp. 7-8.)

The Amended Complaint Plaintiff seeks compensatory and punitive damages against each defendant, as well as declaratory relief and injunctive relief in the form of an order directing that his convictions at Criminal Case. No. 1660-2011 be "drop[ped]" due to Cpl. Clem-Johnston's alleged misconduct. (*Id.* at p. 9.)

Judge Metros and Cpl. Clem-Johnston have each moved to dismiss the claims asserted against him or her in the Amended Complaint. (ECF Nos. 42 and 43; ECF Nos. 46 and 47.) The Court granted Plaintiff two extensions to file his responses to Defendants' motions. (ECF Nos. 51, 53.) However, Plaintiff did not file a response to either Defendant's motions to dismiss. Instead, he submitted a proposed second amended complaint (ECF No 62) without the required motion seeking leave to file it. The allegations in Plaintiff's proposed second amended complaint are the same as those in his Amended Complaint in all relevant respects. The only notable difference between the two documents is that in the "Prayer for Relief" section of the Amended Complaint, Plaintiff requests monetary damages as well as declaratory and injunctive relief, while in the proposed second amended complaint he omitted the request for declaratory and injunctive relief. (*See* ECF No. 14 at p. 9; ECF No. 62 at p. 9.)

**II.    Standard of Review**

A complaint requires only "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed, in whole or in part, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). While "accept[ing] all of the complaint's well-pleaded facts as true," the court "may disregard any legal conclusions." *Id.* at 210-11.

To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In sum, the plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014). The court's plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In assessing a motion to dismiss, courts may generally only consider the allegations that are set forth in the complaint. *See, e.g., In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410,

5

1426 (3d Cir. 1997). However, courts may also consider matters of public record, undisputedly authentic documents attached to a motion to dismiss, and integral documents that form the basis of a claim. *Id.; Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 n.3 (3d Cir. 2006). Here, the Court has considered the allegations Plaintiff made in the Amended Complaint (ECF No. 14) and the documents he attached to it, which are comprised of his declaration, the 2018 Affidavit of Probable Cause, and an excerpt of the trial testimony Cpl. Clem-Johnston gave at his trial in Criminal Case No. 1660-2011. (Amend. Compl., ECF No. 14 at p. 4; ECF No. 11).

"A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established."). Additionally, the Court must "apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim[,]" and "they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* at 245.

### III. Discussion

Plaintiff's claims against Defendants are asserted under § 1983, which "provides a cause of action against state actors who violate an individual's rights under federal law." *Filarsky v. Delia*, 566 U.S. 377, 380 (2012). Section 1983 does not create substantive rights but instead "provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). "To state a claim under § 1983,

6

a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

    1. <u>Claims Against Judge Metros</u>

Judge Metros argues that Plaintiff's claims against him must be dismissed because he is entitled to absolute judicial immunity and Eleventh Amendment immunity.

Judge Metros is correct that Plaintiff's § 1983 claims against him in his individual capacity are barred under the doctrine of absolute judicial immunity. *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam); *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000) ("judges are immune from suit under section 1983 for monetary damages arising from their judicial acts.") This doctrine bars civil suits against judicial officers whose challenged actions were taken during their judicial activities and whose actions were not lacking jurisdiction. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam). Judicial immunity is not forfeited when a judge committed "grave procedural errors" or conducted a proceeding in an "informal and *ex parte* manner." *Gallas*, 211 F.3d at 769. A judge is also immune when his or her challenged acts were committed, as alleged here, as part of a conspiracy. *Dennis v. Sparks*, 449 U.S. 24 (1980).

Plaintiff's allegations against Judge Metros concern actions he undertook in his role as a Pennsylvania magisterial district judge. Thus, Plaintiff's claims against him must be dismissed with prejudice. *See, e.g.*, *Smith v. Mansour*, No. 2:19-cv-399, 2019 WL 3307219, *3 (W.D. Pa. June 28, 2019) (plaintiff's cause of action against a magisterial district judge pursuant to § 1983 barred by doctrine of absolute judicial immunity), report and recommendation adopted by 2019

7

WL 3307032 (W.D. Pa. July 22, 2019).

To the extent Plaintiff is bringing § 1983 claims against Judge Metros in his official capacity, they are barred by the immunity afforded to the states by the Eleventh Amendment.[6] Judge Metros is a judicial officer of Magisterial District Court 14-1-01 of the Court of Common Pleas of Fayette County, an entity of the Unified Judicial System of Pennsylvania pursuant to 42 Pa.C.S. § 301(9) and, as such, part of the Commonwealth government. 42 Pa.C.S. § 102 (the term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system" and the term "court" includes "any one or more of the judges of the court[.]"). Thus, a claim against Judge Metros in his official capacity is in fact a claim against the Magisterial District Court over which he presides, a state entity. *Graham*, 473 U.S. at 165.

As part of Pennsylvania's unified judicial system, the Magisterial District Court shares in the Commonwealth's Eleventh Amendment immunity. *See, e.g.*, *Benn v. First Judicial Dist. of Pennsylvania*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment). The Commonwealth has not waived its Eleventh Amendment immunity. *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). As a result, any claim Plaintiff brings against Judge Metros in his official capacity is barred by the Eleventh Amendment.

---

[6] Official capacity claims are indistinguishable from claims against the entity that employs the officials. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

For these reasons, the Court will grant Judge Metros' motion (ECF No. 46) and dismiss with prejudice the claims Plaintiff brings against him in the Amended Complaint.

2. Claims Against Cpl. Clem-Johnston

Cpl. Clem-Johnston contends that Plaintiff's claims against her—which are premised upon his allegation that she "falsified," "fabricated" and "perjured" the investigation in Criminal Case No. 1660-2011—would necessarily call into question the validity of his convictions in that case. Therefore, Cpl. Clem-Johnston asserts, Plaintiff's claims against her are barred by the rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).[7]

Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls with the province of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Heck*, the Supreme Court held that, although a civil rights action under 42 U.S.C. § 1983 may be brought by persons deprived of constitutional rights against persons acting under color of state law, a state prisoner may not use § 1983 as a vehicle to pursue redress if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

In *Heck*, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants engaged in an unlawful,

---

[7] Cpl. Clem-Johnston also argues that Plaintiff's claims against her are time-barred under the two year statute of limitations for § 1983 claims arising in Pennsylvania. Because Plaintiff's claims against Cpl. Clem-Johnston are barred by *Heck*, however, the Court shall dismiss them for that reason. Moreover, to the extent Plaintiff is raising a malicious prosecution claim against Cpl. Clem-Johnston, the statute of limitations for that claim does not begin to accrue until "the termination of criminal proceedings becomes favorable; that is, when 'the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (quoting *Heck*, 512 U.S. at 489); *see also Johnson v. United States*, 852 F. App'x 645, 648 (3d Cir. 2021) ("the statute of limitations does not apply to the *Heck*-barred claims that have not yet accrued.")

unreasonable and arbitrary investigation leading to Heck's arrest; knowingly destroyed evidence that could have proven Heck's innocence, and caused an illegal voice identification procedure to be used at his state trial. *Heck*, 512 U.S. at 479. The Supreme Court rebuffed this effort and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87 (footnotes omitted).

Here, Plaintiff's convictions at Criminal Case No. 1660-2011 remain intact. In the Amended Complaint and attached declaration, Plaintiff acknowledges that he is bringing his claims against Cpl. Clem-Johnston because he was "wrongfully convicted" and wants the charges against him at Criminal Case No. 1660-2011 "drop[ped]" (Amend. Compl, ECF No. 14 at p. 9; ECF No. 11 at p. 1.) It is thus evident that Plaintiff's claims against Cpl. Clem-Johnston are designed to result in a finding, accompanied by a damage award, that Plaintiff was wrongly convicted in Criminal Case No. 1660-2011 and is unlawfully incarcerated. Because a judgment in his favor on his claims that Cpl. Clem-Johnston violated his constitutional rights because she "falsified," "fabricated" and "perjured" "her investigation in [his] Criminal Case No. 1660-2011"

(*id.* at pp. 5-6) would necessarily imply the invalidity of his convictions in that case, Plaintiff brings precisely the types of claims that are barred by *Heck*. *See, e.g., Keeling v. Attorney General for Pennsylvania*, 575 F. App'x 16, 18 (3d Cir. 2014) ("Here, [plaintiff] affirmatively contends that the allegedly illegal search and seizure resulted in his unlawful conviction, and accordingly, he cannot bring this claim unless and until he successfully attacks his conviction.").

To the extent that Plaintiff is actually bringing a malicious prosecution claim against Cpl. Clem-Johnston related to her involvement in Criminal Case No. 1660-2011, such a claim requires the following five elements: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding terminated in plaintiff's favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *See, e.g., Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). Plaintiff's proceeding at Criminal Case No. 1660-2011 has not been resolved in his favor and, therefore, he fails to establish a requisite element of a malicious prosecution claim with respect to Cpl. Clem-Johnston's involvement in that case.

As for Cpl. Clem-Johnston's involvement in Criminal Case No. 2179-2018, although Plaintiff alleges in the Amended Complaint that Cpl. Clem-Johnston's 2018 Affidavit of Probable Cause contained a false statement, none of the claims he brings *against her* appear to be premised upon that alleged misconduct. However, to the extent Plaintiff is bringing a claim against Cpl. Clem-Johnston for submitting a false affidavit of probable cause it would also be barred by *Heck*. The state court docket for Criminal Case No. 2179-2018 establishes that Plaintiff's conviction in that criminal case has not been resolved in his favor and, therefore, he cannot

establish a requisite element of a malicious prosecution against Cpl. Clem-Johnston with respect to the alleged misconduct in Criminal Case No. 2179-2018. Additionally, because Plaintiff was arrested in that case pursuant to a warrant, any claims for false arrest or false imprisonment would be, in essence, a malicious prosecution claim and thus likewise *Heck*-barred. *See Wallace v. Kato*, 549 U.S. 384, 90 (2007) (explaining that once an individual is held pursuant to legal process, "unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process") (quotation marks and emphasis omitted); *see also Myers v. Koopman*, 738 F.3d 1190, 1194-95 (10th Cir. 2013).

As noted above, Plaintiff did not file a response in opposition to Cpl. Clem-Johnston's motion. Rather, he seeks leave to file a second amended complaint that omits his request for declaratory and injunctive relief, perhaps in an effort avoid Cpl. Clem-Johnston's contention that his claims against her are *Heck* barred. However, regardless of the relief sought in a § 1983 suit, *Heck* bars the suit where, as is the case here, success by the plaintiff would necessarily imply the invalidity of a criminal conviction. *See, e.g., Jennings v. Machen*, No. 2:13-cv-796, 2013 WL 5745611, *4 n.3 (W.D. Pa. Oct. 23, 2013).

For these reasons, the Court will grant Cpl. Clem-Johnston's motion (ECF No. 42) and dismiss all claims against her in the Amended Complaint. The dismissal is with prejudice except as to Plaintiff bringing a malicious prosecution claim against Cpl. Clem-Johnston in the event Plaintiff's proceeding at Criminal Case No. 1660-2011 or at Criminal Case No. 2179-2018 is subsequently terminated in his favor.

3. <u>Leave to Amend</u>

When dismissing a civil rights case for failure to state a claim, a court must give a plaintiff the opportunity to amend a deficient complaint, irrespective of whether it is requested, unless doing so would be "inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alston v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Here, any amendment would be futile because Plaintiff's claims against Judge Metros are barred on immunity grounds and his claims against Cpl. Clem-Johnston are barred by *Heck's* favorable termination rule.

**IV.   Conclusion**

Based upon the foregoing, Cpl. Clem-Johnston's Motion to Dismiss (ECF No. 42) and Judge Metros' Motion to Dismiss (ECF No. 46) will be granted. Plaintiff will not be granted leave to file an amended complaint, including the proposed second amended complaint at ECF No. 62.

An appropriate Order follows.

BY THE COURT:

Dated: August 11, 2021        /s/ Patricia L. Dodge
                              PATRICIA L. DODGE
                              United States Magistrate Judge

13